UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD P. FULLER | ) | CIVIL ACTION NO. |
|  | ) | 3:06CV01669(AHN) |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| MARTEN TRANSPORT, LTD., | ) | DECEMBER 4, 2006 |
| and MARK SMITH | ) |  |
| Defendants. | ) |  |

### REPORT OF PARTIES PLANNING MEETING

Date Complaint Filed: October 20, 2006

Date Complaint Served: September 27, 2006

Date of Defendants' Appearance: October 20, 2006

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D. Conn. L.Civ. R. 26(e), a parties planning conference was held on November 21, 2006. The participants were:

Gene Swain, Esq., counsel for the plaintiff; Steven Malitz, Esq.; and Brian Gorman, Esq., counsel for the defendants.

I. **Certification.** Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

II. **Jurisdiction.**

This court has jurisdiction over the subject matter of this action as the parties are citizens of different states and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.

III. **Brief Description of Case.**

A. Claims of Plaintiff:

This is a rear-end motor vehicle collision, which occurred on November 8, 2004, on Interstate 95 South in Old Lyme, Connecticut. The plaintiff, Donald Fuller, was rear-ended by the defendant's tractor trailer truck. Mr. Fuller suffered cervical, thoracic, and lumbar spine injuries to include an annular tear at L4-5 and underwent a two level discectomy (Trans-Foraminal Lumbar Interbody

Fusion with pedicle screw instrumentation). He also has disc herniation in his thoracic and cervical spine, numbness and tingling in both legs, pain in the left shoulder, and severe headaches. The injuries are likely to be permanent in nature. He has a permanency rating of 31%. There will also be a claim for medical expenses, lost wages, and loss of earning capacity.

    B.    Defenses and Claims of Defendants:

Defendants will claim that the plaintiff was contributorily negligent in that he operated his vehicle in a negligent manner, principally by stopping suddenly. The defendants will further allege that the plaintiff's negligence was greater than any negligence on the part of the defendants, and was the proximate cause of his claimed injuries, in whole or in part.

In addition, the defendants will claim that an additional party, Alexander Tedesco, was also negligent in the operation of his vehicle, principally by following too closely and unsafely backing his vehicle upon the highway. The defendants will further allege that the negligence of Alexander Tedesco was the proximate cause of the plaintiff's claimed injuries, in whole or in part.

## IV. Statement of Undisputed Facts:

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that at this stage of the litigation they cannot agree on any undisputed material facts.

## V. Case Management Plan.

    A. *Standing Order on Scheduling in Civil Cases.*

        The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows.

    B. *Scheduling Conference with the Court.*

        The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C. *Early Settlement Conference*

        1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

        2. The parties do not request an early settlement conference.

        3. The parties prefer a settlement conference with a magistrate judge.

        4. At this time, the parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36.

    D. *Joinder of Parties and Amendment of Pleadings*

1. The parties agree that any motion by the defendants to join additional parties shall be filed by March 1, 2007.

2. The parties agree that any amended pleading on the part of the plaintiff shall be filed by January 31, 2007.

E. *Discovery*

1. The parties anticipate that discovery will be needed on the following subjects:

    a. liability; and
    b. causation of the injuries sustained by plaintiff.

2. All discovery, including depositions of fact witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 15, 2007 and completed (not propounded) by December 31, 2007. Automatic discovery, if required, will be completed within sixty (60) days.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiffs will require not more than six (6) depositions of fact witnesses and that the defendants will require a total of up to six (6) depositions of fact witnesses. The depositions will be completed by October 31, 2007.

5. The parties may request permission to serve more than 25 interrogatories.

6. The plaintiffs intend to call expert witnesses at trial. The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 15, 2007. Deposition of any such experts will be completed by September 15, 2007.

7. The defendants intend to call expert witnesses at trial. The defendants will designate all trial experts and provide opposing

counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26 (a)(2) by September 15, 2007. Depositions of any such experts will be completed by November 15, 2007.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 31, 2007.

F. *Dispositive Motions.*

Dispositive motions will be filed on or before May 1, 2007.

G. *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 15, 2008.

## VI. Trial Readiness

The case will be ready for trial by February 15, 2008.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By _____
Eugene Swain, Esq.
Federal Bar No. ct05577
RisCassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106
(860) 522-1196
Fax: (860) 246-5847
**gswain@riscassidavis.com**

Date: Dec 5, 2006

THE DEFENDANTS:

By: _____
Steven H. Malitz
Federal Bar No. ct07848
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103
(860) 297-4672
Fax: (860) 522-0006

Date: Dec. 18, 2006

By: _____
Brian A. Gorman, Esq.
Federal Bar No. ct25558
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT 06103-4303
(860) 297-4654
Fax: (860) 548-0006
gorman@halloran-sage.com

Date: 12/15/06

7